[No. 24018–8–I.  Division One.  June 25, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. PETER EUGENE SPEARMAN, *Appellant.*

*Theresa Doyle* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Brenda L. Bannon, Deputy,* for respondent.

FORREST, J.—Peter Spearman, a juvenile at the time, appeals from his conviction of burglary in the second degree, contending that his advisement of rights was misleading, such that he could not make a knowing and voluntary waiver of his right to remain silent. We affirm.

In the early morning hours of May 10, 1988, Peter Spearman and a number of other youths went to Faith Tabernacle Church. Spearman threw a rock through a church window, and he and Brandon Nahmais entered the church. From a "store" in the church, Nahmais took two bags of candy, and Spearman took candy and beef jerky. Neither had permission to enter the church.

Spearman was charged with burglary in the second degree. After being arrested and advised of his constitutional rights, Spearman made oral and written statements incriminating himself. At the combined CrR 3.5 and fact–finding hearing, the court ruled that the statements were made knowingly and voluntarily. The court also heard testimony from Nahmais and from another youth that Spearman had broken the window, entered the church, and removed the candy and beef jerky. The court found that Spearman was guilty as charged.

Spearman argues that the following part of the advisement of rights form was misleading and prevented him from knowingly and voluntarily waiving his right not to incriminate himself:

> Anything that I say or sign can be used against me in a court of law. I understand that if I am a juvenile, anything that I say or sign can be used against me in a criminal prosecution in the event that Juvenile Court declines jurisdiction in my case.

He contends that the "plain reading" of this advisement is that statements made by juveniles can only be used against them when juvenile jurisdiction is declined, and therefore his statements could not be used against him in this juvenile proceeding. He argues that because he was not specifically informed that the statements could be used against him in juvenile court, under the totality of the circumstances surrounding the making of the statements, his statements were not knowingly and voluntarily given.[1] He asserts that the failure to suppress the statements cannot be considered harmless error because the court's findings of fact demonstrate that it relied heavily on Spearman's statements in finding him guilty.

This issue cannot be raised on appeal because it was not raised during the CrR 3.5 or the fact–finding portions of the proceedings.[2] There is no indication from the record that Spearman was in any way confused by the advisement that was read to him and that he initialed. In the absence of such showing, we do not find any facial defect or ambiguity in the form. Spearman's argument totally ignores the first quoted sentence of the advisement of rights. Although the issue implicates Spearman's constitutional rights, it is not of such truly constitutional magnitude that it can be raised for the first time on appeal.[3] Perhaps the form could be clearer, but it is not constitutionally defective. As stated by the Supreme Court in *State v. Rupe:*[4] "The statement 'anything you say can be used against you' sufficiently alerts a defendant that his statements may be used in

---

[1]*State v. Robtoy,* 98 Wn.2d 30, 35–36, 653 P.2d 284 (1982); *State v. Jones,* 95 Wn.2d 616, 625, 628 P.2d 472 (1981).

[2]*State v. Trader,* 54 Wn. App. 479, 484–86, 774 P.2d 522, *review denied,* 113 Wn.2d 1027 (1989).

[3]*State v. Scott,* 110 Wn.2d 682, 688, 757 P.2d 492 (1988).

[4]101 Wn.2d 664, 677, 683 P.2d 571 (1984).

court." The court did not err in ruling that Spearman's statements were knowingly and voluntarily given.

Affirmed.

COLEMAN, C.J., and WEBSTER, J., concur.

Reconsideration denied September 17, 1990.

Review denied at 115 Wn.2d 1032 (1990).